**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-12780

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALMANDO SILDA,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00430-KKM-TGW-7

————————————

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Almando Silva Hernandez[1] appeals his 120-month prison sentence, imposed after he pled guilty to conspiracy to possess with intent to distribute cocaine and marijuana on a stateless vessel in international waters. *See* 46 U.S.C. §§ 70503(a), 70506(b). He argues that the district court erred by denying relief under the safety valve, *see* 18 U.S.C. § 3553(f) & U.S.S.G. § 5C1.2, and by failing to apply a two-level "zero-point" reduction under the U.S. Sentencing Guidelines, *see* U.S.S.G. § 4C1.1(a). The government has moved to dismiss Silva's appeal based on the appeal waiver in his written plea agreement. After careful review, we grant the government's motion and dismiss the appeal.

We review de novo the validity and scope of an appeal-waiver provision in a plea agreement. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367. "The government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

Here, the government has shown that Silva Hernandez's appeal waiver is enforceable and bars this appeal. Silva Hernandez's

---

[1] During the change-of-plea hearing, Defendant and his attorney stated that his full name was Almando Reis Silva Hernandez—not "Silda" as alleged in the indictment—so we use the spelling "Silva" in this opinion.

plea agreement included a provision titled and underlined, "Defendant's Waiver of Right to Appeal the Sentence."  In that provision, Silva Hernandez "expressly waive[d] the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range."  He retained the right to appeal on three limited grounds: (1) "the sentence exceeds the defendant's applicable guidelines range as determined by the Court"; (2) "the sentence exceeds the statutory maximum penalty"; or (3) "the sentence violates the Eighth Amendment."  The waiver also did not apply if the government appealed.  Silva Hernandez initialed the bottom of each page, and he and his attorney signed a certification stating that Silva Hernandez fully understood the plea agreement's terms.

Then, during the plea colloquy, a magistrate judge questioned Silva Hernandez through an interpreter.  The judge specifically addressed the appeal waiver, informing Silva Hernandez that, under the plea agreement, there were "only three things about your sentence that you can appeal," which the judge then summarized accurately.  The judge made clear that Silva Hernandez could not "appeal . . . the way the Court calculates the Sentencing Guidelines."  Silva Hernandez confirmed that he understood and did not have any questions about the waiver, and that he was pleading guilty freely and voluntarily.  The district court accepted the plea on the magistrate judge's recommendation.  The record shows that the court "effectively conveyed to [Silva Hernandez] that he was giving up his right to appeal his sentence under most circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020).

Because Silva Hernandez was specifically questioned about the waiver during the plea colloquy, and the record otherwise shows that he understood the waiver's full significance, we will enforce the waiver according to its terms. *See Bushert*, 997 F.2d at 1351.  And Silva Hernandez's arguments on appeal do not fall within an exception to his appeal waiver.  Silva Hernandez's 120-month sentence did not exceed either the guideline range as determined by the court (135 to 168 months) or the statutory maximum sentence (life), and he does not assert an Eighth Amendment argument.  Accordingly, we grant the government's motion to dismiss.

**DISMISSED**.